UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

ROGER BLAYLOCK, JR.        )
                           )
v.                         )    NO. 2:04-CV-47
                           )
WASHINGTON COUNTY          )
DETENTION CENTER           )

## MEMORANDUM and ORDER

Roger Blaylock, Jr., a prisoner in the Washington County Detention Center (WCDC) in Jonesborough, Tennessee, brings this civil rights complaint under 42 U.S.C. § 1983. The plaintiff's application to proceed *in forma pauperis* is **GRANTED**. However, since he is a prisoner, he is **ASSESSED** the full filing fee of one hundred, fifty dollars ($150.00).[1] 28 U.S.C. § 1914(a); *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir.1997).

Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides shall submit, as an initial partial payment, whichever is the greater of:

    (a)    twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account;

    or

---

[1] The filing fee was increased to $250 on February 7, 2005. The plaintiff is being assessed the old filing fee since he filed this case before the fee-increase.

> (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint on February 12, 2004.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $150.00 has been paid to the Clerk's Office.[2] *McGore*, 114 F.3d at 607.

The Clerk is **DIRECTED** to send copies of this order to the custodian of inmate trust accounts at the WCDC, to ensure compliance with the fee-assessment procedures outlined above.

The "Statement of Claim" section of the standardized form complaint filed in this case is blank. The "Relief" section of the form contains the claims, which follow.

> "I was sentenced to 4 years TDOC not county jail. I'm sharing a cell with 2 other inmates which is only suitable for 2 not 3 people. Can't get a job so I can earn good time and I'm staying locked down 22 hours a day and that is "MAX" but I'm not a violent Inmate. Misdemeanors, Felons and Federal inmates interact with each other plus share cells, state inmates sleeping on the floors. I would like the Court to have me sent to TDOC to do my time."

A federal court which is presented with a prisoner's civil action first must determine whether the plaintiff has exhausted his administrative remedies by offering the correctional authorities an opportunity to address his complaints. *See*

---

[2] Send the payments to: Clerk's Office, USDC
220 West Depot Street, Ste. 200
Greeneville, TN 37743.

42 U.S.C. § 1997e; *Brown v. Toombs*, 139 F.3d. 1102, 1103-04 (6th Cir.), *cert. denied*, 525 U.S. 833 (1998). Satisfaction of this requirement entails filing a grievance concerning each claim stated in the complaint, *see Northington v. DeForest*, 215 F.3d. 1327 (Table, text at 2000 WL 659260 *1 (6th Cir. May 11, 2000)), and identifying each person later named as a defendant in the federal lawsuit. *See Thomas v. Woolum*, 337 F.3d 270, 735 (6th Cir. 2003).

In order to satisfy the requirements of § 1997e(a), "a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint." *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 531 U.S. 1040 (2000). It is the prisoner's burden to demonstrate that he has exhausted such remedies as to all claims arising from his confinement, and a district court must enforce the exhaustion requirement *sua sponte*. *Brown,* 139 F.3d at 1104

The plaintiff asserts, in paragraph II of his complaint, that there is an institutional grievance procedure; that he did not pursue a grievance because his "issue" is not "grievable;"that he wrote to a jail official on a request form about his "issue" and getting transferred; and that the response to the request was that the plaintiff's name would be put on the list and that "they" had no control over the bed openings.

The plaintiff has not indicated what specific "issue" was excluded from the grievance procedures among the many which are now offered as claims in this federal lawsuit. Be that as it may, the plaintiff has not shown—other than his

3

conclusory allegation—that he could not have filed grievances presenting the facts upon which rests his claims for relief in his § 1983 complaint. *See Rancher v. Franklin County*, 122 Fed.Appx. 240, 2005 WL 351138 (6th Cir. Feb. 14, 2005) (where inmate provides *evidence* demonstrating the existence of a flat rule against medical grievances, she is excused from complying with § 1997e's requirements).

The Sixth Circuit has held that a complaint must be dismissed *sua sponte* where a plaintiff fails to allege exhaustion of administrative remedies with "particularized averments." *Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002). It has also held that every single claim must be exhausted through the grievance system and that § 1997e requires a complete dismissal of a prisoner's complaint when he alleges both exhausted and unexhausted claims. *Bey v. Johnson*, 407 F.3d 801, 805 (6th Cir. 2005).

The plaintiff's allegations concerning the exhaustion issue contain no particularized averments to show that he has exhausted his administrative remedies as to *all* claims raised in his complaint. Accordingly, because the plaintiff has the burden of showing that he has exhausted his administrative remedies with respect to the claims raised in his § 1983 complaint[3] and because he has failed to carry his

---

[3] Allegations which do not state a claim in the first place need not be exhausted. In this case, that would include the plaintiff's claims about being denied a job, *see Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir. 1989)(no constitutional right to prison employment); about being denied an opportunity to earn good time credits, *Board of Pardons v. Allen*, 482 U.S. 369, 373 (1987) (no constitutional right to good time credits), and about not being transferred to a state facility. *Meachum v. Fano*, 427 U.S. 215, 228-29 (1976) (no constitutional right to be confined in any particular prison or jail).

burden in this instance, this action will be **DISMISSED** without prejudice for failure to exhaust administrative remedies.

A separate order will enter.

ENTER:

        s/Thomas Gray Hull
        THOMAS GRAY HULL
         SENIOR U. S. DISTRICT JUDGE